UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 11-42819

SHAP, LLC,                                       Chapter 11

                 Debtor.                                 Judge Thomas J. Tucker
_____/

**OPINION REGARDING IBERIABANK'S AMENDED MOTION
TO DISMISS THIS BANKRUPTCY CASE**

This case is before the Court on creditor IberiaBank's amended motion to dismiss this case (Docket # 56, the "Motion"). The Court will grant the Motion because (1) the Debtor cannot obtain confirmation of its proposed Chapter 11 Plan; (2) the continuation of this Chapter 11 case would be futile; (3) as a result, there is cause to dismiss or convert this case under 11 U.S.C. § 1112(b)(1); and (4) dismissal rather than conversion is in the best interests of creditors and the estate.

**I. Background**

Debtor is a limited liability company with two members, which was formed in 2006 for the purpose of investing in real estate.[1] Debtor filed this Chapter 11 case on February 4, 2011. Debtor's Schedule A indicates that Debtor's only assets are nine vacant lots located in Florida (collectively, the "Florida Property"), with a current value of $14,400.00.[2] According to Debtor's schedules, IberiaBank is Debtor's only creditor. And the parties now agree that Debtor has no

---

[1] "SHAP, LLC's Combined Plan of Reorganization and Disclosure Statement" (Docket # 40) ("SHAP Plan") at 21.

[2] Docket # 1. Debtor later filed a motion seeking a determination that the value of the land is $36,000.00. That motion was granted without a timely objection, but IberiaBank later filed a motion to vacate the valuation order, which is still pending. (*See* Docket ## 21, 25, 35). As noted below, IberiaBank contends that the land is worth $45,000.00.

other creditors in this case, except for possible administrative claims. Debtor's Schedule D indicates that IberiaBank has a claim in the amount of $243,466.16, which is secured by a mortgage on the Florida Property, and that the unsecured portion of this claim is $229,066.15.[3] IberiaBank has filed a proof of a claim in the amount of $277,482.75, stating that the amount of its secured claim (*i.e.*, the value of its collateral) is $45,000.00 and the amount of its unsecured claim is $232,482.75.[4]

Debtor has never generated any income from its ownership of the Florida Property. The Debtor's two individual members pay all of the Debtor's expenses, including the mortgage payments and the property taxes on the Florida Property.[5] Pre-petition, Debtor defaulted on the IberiaBank mortgage, and the bank filed a complaint in the Sarasota County, Florida Circuit Court to foreclose on its mortgage. That action was stayed by Debtor's bankruptcy filing.[6]

On June 6, 2011, Debtor filed a combined plan and disclosure statement (the "Plan").[7] On June 8, 2011, the Court granted preliminary approval of Debtor's disclosure statement and scheduled a confirmation hearing for August 3, 2011.[8] The Plan contains two impaired classes of creditors: Class 1, consisting of the secured claim of IberiaBank in the amount of $36,000.00; and Class 2, consisting of the unsecured portion of the claim of IberiaBank, in the amount of

---

[3] Docket # 1.

[4] Claim No. 2-1.

[5] SHAP Plan at 21; *see also* Debtor's monthly Income & Expense Statements at Docket ## 20, 32, 33.

[6] SHAP Plan at 22.

[7] Docket # 40.

[8] Docket ## 45, 53.

$241,482.75. The Plan proposes to pay IberiaBank $36,000.00 on its Class 1 secured claim and zero on its Class II unsecured claim. IberiaBank has already voted to reject the Plan,[9] and indicates in the Motion that it will not vote for a plan that attempts to cram down its secured claim.[10] For this reason, among others, IberiaBank argues in its brief in support of the Motion that "[t]here is no possibility of [Debtor] reorganizing" and that the Court should dismiss the case for cause under 11 U.S.C. § 1112(b)(1).[11]

The Court held a hearing on the Motion on June 22, 2011. During the hearing, IberiaBank argued, among other things, that the Court cannot confirm Debtor's Plan, under 11 U.S.C. § 1129(b) or otherwise, because the Plan cannot satisfy the requirement of 11 U.S.C. § 1129(a)(10) that at least one of the impaired classes accept the Plan. Debtor argued, without any real explanation and without citing any authority, that the Court can confirm the Plan on a cramdown basis under § 1129(b), without Debtor obtaining the acceptance of either of the two impaired classes as required by § 1129(a)(10). At Debtor's request, the Court gave Debtor an opportunity to file a post-hearing brief in support of its argument,[12] but Debtor filed no brief. The Motion is now ready for decision.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core

---

[9] Docket # 62.

[10] *See* IberiaBank's Br. in Supp. of Am. Mot. to Dismiss (Docket # 56) at 9.

[11] *See id.* IberiaBank makes other arguments in support of dismissal, but the Court finds it unnecessary to address them.

[12] Order Regarding IberiaBank's Mot. to Dismiss (Docket # 58).

3

proceeding under, among other possible provisions, 28 U.S.C. § 157(b)(2)(A), (L), and (O).

**III. Discussion**

Section 1112(b)(1) of the Bankruptcy Code provides, with exceptions not applicable here, that "on request of a party in interest, and after notice and a hearing, . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." Subsections (A) through (P) of § 1112(b)(4) give a non-exclusive list of what "cause" includes. In addition to these examples of "cause," the inability of a debtor to confirm a plan can be "cause" to dismiss a case under § 1112(b)(1). *See, e.g., In re DCNC North Carolina I, LLC*, 407 B.R. 651, 660-61, 664-65 (Bankr. E.D. Pa.), *aff'd.*, 2009 W.L. 3856498 (E.D. Pa. November 13, 2009)(dismissing two bankruptcy cases for cause under § 1112(b) based on futility — *i.e.*, where the creditor seeking dismissal "established that the Debtors lack[ed] a reasonable prospect of achieving confirmation of a chapter 11 plan and the evidence the Debtors . . . presented in response [did] not persuade [the court] otherwise").

To be confirmed, a Chapter 11 plan must meet all of the requirements of § 1129(a) with the exception, under the circumstances described in § 1129(b), of § 1129(a)(8). One of these requirements, stated in § 1129(a)(10), is that "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."

In this case, Debtor's plan clearly cannot meet the requirement in § 1129(a)(10). Debtor's Plan treats both the secured and unsecured classes of claims, of which IberiaBank is the only member, as impaired. IberiaBank has voted to reject the Plan. Because the only two

4

impaired classes have rejected the Plan, the Debtor cannot confirm the Plan either under § 1129(a) or on a cramdown basis under § 1129(b).

The only way that Debtor could possibly confirm a plan over the objection of IberiaBank would be to propose a plan that treats the entire claim of IberiaBank as unimpaired under 11 U.S.C.§ 1124. In this case, that would require a plan that, among other things, cures all of Debtor's monetary defaults on the IberiaBank claim, reinstates the maturity of the claim as it existed before default, and otherwise pays the claim in full according to its contractual terms.[13]

---

[13] Section 1124 states:

> Except as provided in section 1123(a)(4) of this title, **a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan–**
>
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or
>
> **(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default--**
>
> > **(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title or of a kind that section 365(b)(2) expressly does not require to be cured;**
> >
> > **(B) reinstates the maturity of such claim or interest as such maturity existed before such default;**
> >
> > (C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law;
> >
> > (D) if such claim or such interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a nonresidential real property lease

(continued...)

Debtor has not proposed to do this in its Plan, or in its written response to the Motion, or during the hearing on the Motion, or at any other time. During the five months that this Chapter 11 case has been pending, Debtor has given no indication whatsoever that it is either willing or able to propose and perform a plan that treats the claim of IberiaBank as unimpaired under § 1124. Rather, Debtor has only proposed to pay IberiaBank, at most, about 15 % of the amount of its total claim, within 90 days after the effective date of the Plan.

Under these circumstances, the continuation of this Chapter 11 case would be futile, and so there is cause to dismiss or convert this case under § 1112(b)(1).

The Court concludes that dismissal, rather than conversion, is in the best interests of creditors and the estate. There is only one non-administrative creditor of the estate, IberiaBank, and that creditor seeks dismissal rather than conversion. The land which is the only asset of the estate is mortgaged to IberiaBank, and the parties agree that the value of the land is far less than the amount of the mortgage debt — while the parties disagree over the numbers, they agree that the value of the land is not more than about 17 % of the mortgage debt. IberiaBank already has pending a state court foreclosure proceeding. There is no reason to doubt that the liquidation of Debtor's land can be done efficiently through the state court proceeding.

---

[13](...continued)
subject to section 365(b)(1)(A), compensates the holder of such claim or such interest (other than the debtor or an insider) for any actual pecuniary loss incurred by such holder as a result of such failure; and

**(E) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.**

(emphasis added).

**IV. Conclusion**

For the reasons stated in this opinion, the Court will enter an order granting the Motion and dismissing this case for cause under § 1112(b)(1). The order also will prohibit the Debtor from filing any new bankruptcy case for one year from the date of this dismissal, with one exception. Debtor may file a new Chapter 11 bankruptcy case within one year of this dismissal if it files, on the same day as the bankruptcy petition, a combined plan and disclosure statement in which no class of creditors is impaired within the meaning of § 1124. This bar to refiling, with its limited exception, is necessary and appropriate in order to prevent an abuse of process[14] that otherwise could occur without such bar — namely, Debtor's filing a new Chapter 11 bankruptcy case that would only be an exercise in futility and delay prejudicial to IberiaBank.

**Signed on July 8, 2011**                              **/s/ Thomas J. Tucker**
                                                        **Thomas J. Tucker**
                                                        **United States Bankruptcy Judge**

---

[14] *See* 11 U.S.C. § 105(a).